UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHAVETTE HOLLAND,

                                    Plaintiff(s)

            -v-                                     **VERIFIED
                                                    COMPLAINT**

UNITED STATES,

                                    Defendant(s)

-------------------------------------------------------------------X   Jury Trial Demanded as
                                                   to any future non-U.S.
                                                   defendants

Plaintiff(s), through the attorneys, The Fitzgerald Law Firm, P.C., allege, upon

information and belief, the following:

## THE PARTIES

1.  Plaintiff, SHAVETTE HOLLAND, is an adult over the age of eighteen and

resides in Bronx, New York.

2.  Defendant, UNITED STATES, owned, operated, managed, subcontracted, and

funded Bronx Community Health Network ("BCHN"), Comprehensive Health Care

Center ("CHCC"), located at 305 E 161st St, Bronx, NY 10451, and BronxCare and/or

it's other clinics associated with Montefiore Medical Center ("MMC") and Bronx-

Lebanon Hospital Center ("BLHC"), located at 1650 Grand Concourse, Bronx, NY

10457, medical health centers existing under and by virtue of the laws of the State of

New York.

3.  Defendant, UNITED STATES, through BCHN, CHCC, BronxCare, MMC, and

BLHC, employed all medical providers involved in the care and treatment of Plaintiff

during the relevant times, including but not limited to, Romany Tharwat Gawargious

Hana, M.D., John/Jane Doe, M.D. said name being fictitious and intended to identify  the

physician who signed the Montefiore Discharge Summary on April 14, 2015 (Exhibit 1),

Lisa L. Marshall, N.P., F.H. Einstein, M.D., Cynthia Sheppard, M.D., Jung Park, M.D.,

Jonathan Marder, M.D., Felicia Hawkins, M.D., Traci Grossman, M.D., Diana Garrett, M.D., Shanequa McLoed, M.D., Stephan Charles, M.D., Kwon Tako, M.D., and Robert Trabrizi, M.D.

4.   Plaintiff, SHAVETTE HOLLAND, was admitted to Montefiore Medical Center located at 111 E 210th St, Bronx, NY 10467 from April 10, 2015 through April 14, 2015 for an induced delivery of a fetus that was determined to have died in utero.  Plaintiff, SHAVETTE HOLLAND, delivered the stillborn fetus on April 13, 2015.  Subsequent to the delivery of the stillborn fetus Plaintiff, SHAVETTE HOLLAND, experienced post delivery eclampsia (elevated blood pressure).

5.   Plaintiff, SHAVETTE HOLLAND, had a telephone conversation with Dr. Hana at CHCC on or about April 15, 2015.

6.   Plaintiff, SHAVETTE HOLLAND, was admitted to Bronx-Lebanon Hospital Center from April 15, 2015 through April 17, 2015 and again around midnight on April 19, 2015 through April 24, 2015.

7.   Romany Tharwat Gawargious Hana, M.D., John/Jane Doe, M.D., said name being fictitious and intended to identify  the physician who signed the Montefiore Discharge Summary on April 14, 2015 (Exhibit 1), F.H. Einstein, M.D., Cynthia Sheppard, M.D., Jung Park, M.D.,  Jonathan Marder, M.D., Felicia Hawkins, M.D., Traci Grossman, M.D., Diana Garrett, M.D., Shanequa McLoed, M.D., Stephan Charles, M.D., Kwon Tako, M.D., and Robert Trabrizi, M.D., were a physicians duly licensed to practice medicine in the State of New York at all pertinent times alleged herein.

8.   Lisa Marshall, N.P., was a nurse practitioner duly licensed in the State of New York at all pertinent times alleged herein.

## SUBJECT-MATTER JURISDICTION AND VENUE

9.   The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 1367(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391(e) because the acts and omissions alleged occurred within the Southern District of New York.

## FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE

11. Plaintiffs filed Claims with the Department of Health and Human Services, which were received on April 12, 2017.  On, December 11, 2017, the Department of Health and Human Services served a final determination letter denying Plaintiffs' Claim.  Plaintiffs filed a Request for Reconsideration, which was received on May 23, 2018.  On November 7, 2018, the Department of Health and Human Services served a final determination letter denying Plaintiffs' Request for Reconsideration.  See Exhibit 2.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF INFANT PLAINTIFF
## FOR PERSONAL INJURIES

12. Defendant(s) and agents, servants, and employees undertook to attend and provide medical care for Plaintiff in a reasonable, proper, and skillful manner during the post-partum care starting on or about April 13, 2015 and continuing through Plaintiff's discharge from Montefiore Medical Center on April 14, 2015, the telephone conversation on April 15, 2015, and during her admissions to Bronx-Lebanon Hospital Center beginning on April 15, 2015 through her discharge on April 24, 2015.

13. Defendant(s) and agents, servants, and employees were negligent and committed malpractice in their treatment of Plaintiff including but not limited to the  failure to maintain and preserve accurate records; failure to make adequate and proper consultations at timely and sufficient intervals with and refer to other doctors and

specialists, including cardiologists, hematologists, medicine consults, gynecologists, obstetricians, maternal fetal medicine specialists and neurologists; failure to inform of available and acceptable medical treatment alternatives to the medical care rendered; failure to offer to refer to medical specialists who were knowledgeable of alternative medical treatment; failure to refer to medical specialists for the treatment of plaintiff's post partum hypertension and eclampsia; depriving the patient of a substantial chance to avoid injury; depriving the patient of a substantial chance to avoid brain damage; failure to institute the chain of command when there is a clinical disagreement between the medical professionals; failure to properly screen, hire, train, monitor, instruct, and supervise the agents, employees, residents, nurses, and attendings who provided post partum treatment and the monitoring of Plaintiff's post partum hypertension; failure to provide qualified, experienced, and trained personnel to provide care for the Plaintiff subsequent to the stillbirth delivery when attention should have been given to Plaintiff's hypertension; failing to appreciate that Plaintiff was at risk for dangerous hypertension, eclampsia, seizure and brain damage during the post partum period; ignoring Plaintiff's past medical history, pre-eclampsia and post partum hypertension when clearing Plaintiff for discharge, when she should have remained in the hospital for continued observation; by improperly discharging the plaintiff from Montefiore Medical Center on April 14, 2015; by improperly discharging the plaintiff from Bronx-Lebanon Hospital Center on April 17, 2015; failure to have appropriate equipment and at all times immediately available in the room where treatment was provided; failure to promulgate and enforce rules, regulations, and protocols governing the specialties of medical care provided to and required by patients; negligent credentialing and privileging; failure to treat the pregnancy as a high risk pregnancy; failure to perform appropriate differential diagnoses;

failure to timely order bed rest; failure to timely do complete blood counts; failure to admit the mother for close observation of the plaintiff; failure to timely assess protein in urine, and edema; failure to timely take and appreciate the significance of vital signs, including temperature and blood pressure; failure to monitor and control maternal blood pressure and prescribe and administer appropriate medications; failure to advise mother to seek inpatient evaluation and treatment; failure of the medical provider to competently evaluate the Plaintiff's medical condition, including a history of pre-eclampsia, eclampsia and hypertension when the Plaintiff was cleared for discharge on April 14, 2015 and April 17, 2015; failure to take a proper history; failure to timely and accurately interpret the significance of, detect, respond, and treat mother's symptoms of hypertension, headache, blurry vision, persistent proteinuria, petechia, and bleeding gums; failure to appreciate the degree and severity of toxemia and postnatal eclampsia; failure to timely deliver to alleviate pre-eclampsia; failure to timely diagnose HELLP syndrome; failure to appreciate mother's elevated and abnormal serum values; failure to timely order serum tests including proper liver enzyme tests; failure to prevent and properly treat disseminated intravascular coagulation; failure to recognize signs of impending maternal hemorrhage; failure to prevent and properly and timely treat maternal hemorrhage; failure to timely and properly treat mother's high blood pressure; failure to timely and properly treat mother's low platelet level; failure to timely treat mother with diazoxide (Hyperstat) and nifedipine (Procardia); failure to timely and properly treat mother's hypertension with methyldopa (Aldomet), labetalol, and fresh frozen plasma and platelets; exacerbating mother's hypertension by treating with steroids; failure to realize and take heed of mother's condition prior to , during and after labor and delivery; failure to timely and properly resuscitate mother; premature discharge of mother; failure to schedule

visiting nurse services to monitor plaintiff's blood pressure subsequent to her discharge on April 14, 2015 and April 17, 2017; failure to schedule a neurological consult; improperly discharging Plaintiff.

14.    Defendant(s) and agents, servants, and employees provided the care to Plaintiff at the facilities owned and operated by Comprehensive Health Care Center ("CHCC"), BronxCare and/or it's other clinics associated with Montefiore Medical Center ("MMC") and Bronx-Lebanon Hospital Center ("BLHC") , Montefiore Medical Center and Bronx-Lebanon Hospital Center.

15. Plaintiff sustained severe and permanent neurological and physical injuries as a result of the negligence and malpractice of Defendant(s) and agents, servants, and employees, including but not limited to seizures, cerebral hemorrhage, brain damage, cognitive disabilities, memory loss, emotional distress, pain and suffering and loss of enjoyment of life.

16. The injuries and damages sustained by Plaintiff were caused solely by the negligence and malpractice of Defendant(s) and agents, servants, and employees without any negligence on the part of Plaintiffs.

17. Plaintiff sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR LACK OF INFORMED CONSENT**

18. Defendant(s) and agents, servants, and employees performed some and failed to perform other medical treatments, procedures, surgeries, and/or diagnostic procedures upon Plaintiff  without obtaining the informed consent of Plaintiff, including but not limited to the treatment of postpartum eclampsia.

19. Defendant(s) and agents, servants, and employees failed to advise Plaintiff of the risks, dangers, and consequences associated with the performance or non-performance of the aforesaid medical treatments, procedures, surgeries, and diagnostic procedures.

20. A reasonably prudent person in the position of Plaintiff  would not have permitted, allowed, or undergone the medical treatments, procedures, surgeries, and/or diagnostic procedures and would have chosen a different course of treatment if he/she had been fully informed of the risks, dangers, and consequences.

21. As a result of the aforesaid medical treatments, procedures, surgeries, and/or diagnostic procedures being withheld or performed upon Plaintiff, without the informed consent of Plaintiff, Plaintiff sustained personal damages.

22. Such a lack of informed consent is a proximate cause of the damages to Plaintiff for which relief is sought herein.

23. Plaintiff sustained severe and permanent injuries as a result of the failure to obtain an informed consent by Defendant(s) and agents, servants, and employees.

24. The injuries and damages sustained by Plaintiff were caused solely by the negligence and malpractice of Defendant(s) and agents, servants, and employees without any negligence on the part of Plaintiff contributing thereto.

25. Plaintiff sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602**

26. One or more of the exceptions in CPLR § 1602, including but not limited to Subsection 2(iv) and 7 are applicable to all causes of action and Defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

## RELIEF

27. Wherefore, Plaintiff demand judgment against Defendant, United States, on all causes of action for:

    a) Damages in the amount of $20,000,000.00;

    b) Costs, disbursements, and attorney fees; and

    c) Such other and further relief as the Court may deem proper.

28. Wherefore, Plaintiff demands judgment against Defendant United Stares on all causes of action in an amount that exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs, and disbursements of same as allowed by law.


Dated:       Yonkers, New York
              May 2, 2019

                              The Fitzgerald Law Firm, P.C.
                              Attorneys for Plaintiff(s)
                              By:  James P. Fitzgerald (JF1412)
                              538 Riverdale Avenue
                              Yonkers, New York 10705
                              Tel:  (914) 378-1010
                              Fax:  (914) 378-1092
                              File No.:  F13107c
                              jfitzgerald@lawfitz.com

## VERIFICATION

STATE OF NEW YORK      )
                                    ) ss.:

COUNTY OF WESTCHESTER    )

       The undersigned, an attorney duly admitted to practice in the State of New York, under the penalties of perjury affirms as follows:

1.  I am one of the attorneys for Plaintiff in this action.

2.  I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

3.  The reason this verification is made by me and not by Plaintiff is that Plaintiff is not presently within the county wherein the attorneys' offices are located.

4.  The grounds of my belief as to all matters not stated upon my own knowledge are investigations made and reports of investigation received by me.


Dated:      Yonkers, New York
             May 2, 2019

                                          _____
                                          James P. Fitzgerald, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHAVETTE HOLLAND

                                          Plaintiff(s),

                    -v-                                      **CERTIFICATE OF
                                                             MERIT**

UNITED STATES,

                                          Defendant(s).
------------------------------------------------------------------------X

      Pursuant to CPLR § 3012-a, the undersigned, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following under the penalties of perjury:

    1.  I am associated with the firm of The Fitzgerald Law Firm, P.C., attorneys for Plaintiff(s) herein. I am familiar with the facts and circumstances of this proceeding. This affirmation is made upon information and belief, the source of your affirmant's knowledge being the file maintained by this office.

    2.  The facts of the case have been reviewed and at least one physician has been consulted with who is licensed to practice in this state or any other state and who is reasonably believed to be knowledgeable in the relevant issues involved in this action, and it has been concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:      Yonkers, New York
           May 2, 2019

                                        _____
                                        The Fitzgerald Law Firm, P.C.
                                        Attorneys for Plaintiff(s)
                                        By: James P. Fitzgerald, Esq. (JF1412)
                                        538 Riverdale Avenue
                                        Yonkers, New York 10705
                                        Tel: (914) 378-1010
                                        Fax: (914) 378-1092